THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DARYL BROWN,

    Plaintiff,

  v.

BLACKSTONE GROUP, *et al.*,

    Defendants.

CASE NO. C21-0132-JCC

ORDER

This matter comes before the Court on Defendants' motions to dismiss (Dkt. Nos. 25, 27, 32, 37, 42) and for summary judgment (Dkt. No. 46), and Plaintiff's motion for default (Dkt. No. 53). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS Defendants' motions (Dkt. Nos. 25, 27, 32, 37, 42, 46) and DENIES Plaintiff's motion (Dkt. No. 53) for the reasons explained herein. Plaintiff separately moved to drop Defendants Blackstone Group, Inc. and Servpro, LLC. (Dkt. No. 37.) That motion is mooted by the Court's order granting the parties' motion to dismiss.

I.   BACKGROUND

*Pro se* Plaintiff Daryl Brown asserts, by amended complaint, that Defendants collectively defamed and portrayed him in a false light when Defendant Belfor USA Group, Inc. ("Belfor") indicated to Defendant Washington State Employment Security Department ("ESD") and Defendant U.S. Equal Opportunity Employment Commission ("EEOC") that Plaintiff was

terminated based on unsatisfactory work performance. (*See* Dkt. No. 5 at 9–22.) Plaintiff similarly asserts that comparable communications between Defendant ADP, Inc. ("ADP") and the ESD constitute legally actionable statements. (*Id.* at 10, 12.) Lastly, Plaintiff alleges that individuals employed by Belfor made actionable statements to one another regarding Plaintiff and his work performance. (*Id.* at 11–12, 15.) Plaintiff brings suit against the individuals who made the defamatory and false statements and the organizations employing those individuals based on a theory of *respondent superior*. (*See generally* Dkt. No. 5.) In his response brief, related exhibits, and response to the Court's order to show cause, Plaintiff includes allegations potentially supporting additional causes of action. (See Dkt. Nos. 34 at 4–9, 36-7 at 3–4, 57-1 at 2–4.) The Court will not consider those allegations because they do not satisfy Federal Rule of Civil Procedure 8(a).

Defendants Belfor; ADP; Blackstone Group, Inc. ("Blackstone"); Servpro Industries, LLC ("Servpro"); and ESD move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and Defendant Trades Labor Corporation ("Trades Labor") moves for summary judgment. (Dkt. Nos. 25, 27, 32, 37, 42, 46.) Amongst other arguments, they argue that Plaintiff fails to state a claim for which the Court can afford relief. (*Id.*)

## II. DISCUSSION

### A. Legal Standard

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* To survive a motion for summary judgment, the opposing party "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). A dispute about a material fact is genuine if there is sufficient evidence for a

ORDER
C21-0132-JCC
PAGE - 2

reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). Ultimately, summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catlett*, 477 U.S. 317, 324 (1986).

### B. Failure to State a Claim

A "defamation plaintiff must show four essential elements: falsity, an unprivileged communication, fault, and damages." *Mark v. Seattle Times*, 635 P.2d 1081, 1088 (Wash. 1981). A false light plaintiff must allege that a defendant (1) publicized a matter that placed the plaintiff in a false light, (2) "the false light would be highly offensive to a reasonable person," and (3) "the actor knew of or recklessly disregarded the falsity of the publication and the false light in which the other would be placed." *Corey v. Pierce Cnty.*, 225 P.3d 367, 373 (Wash. App. 2010) (citing *Eastwood v. Cascade Broad. Co.*, 722 P.2d 1295, 1297 (Wash. 1986)). While the pleadings of *pro se* plaintiffs are held to "less stringent standards than those of licensed attorneys, every complainant must demonstrate some claim upon which relief can be granted." *Wing Kai Tse v. United Food & Comm'l Workers Union, Loc. 367*, 2014 WL 667482, slip op. at 2 (W.D. Wash. 2014) (citing Fed. R. Civ. P. 12(b)(6)). "[H]e who proceeds *pro se* with full knowledge and understanding of the risks does so with no greater rights than a litigant represented by a lawyer, and the trial court is under no obligation to . . . assist and guide the *pro se* layman[.]" *Khalid v. Microsoft Corp.*, 409 F. Supp. 3d 1023, 1031 (W.D. Wash. 2019).

The moving parties argue that Plaintiff's claims fail as a matter of law because his allegations, even if true, do not satisfy the elements for defamation and/or false light claims. (*See generally* Dkt. Nos. 25, 27, 32, 37, 42, 46.) The Court agrees. The majority of the statements to which Plaintiff takes exception are opinions regarding Plaintiff's job performance. (*See* Dkt. No. 5 at 15–17, 18, 20–22.) Statements of opinion cannot form the basis of a defamation or false light claim. *See Paterson v. Little, Brown & Co.*, 502 F. Supp. 2d 1124, 1133 (W.D. Wash. 2007);

*Camer v. Seattle Post-Intelligencer*, 723 P.2d 1195, 1202 (Wash. App. 1986). Moreover, even if they were not opinions, Plaintiff does not allege that the offending statements were shared with persons or organizations other than the named defendants. (*See generally* Dkt. No. 5.) As a result, they were not published and/or are subject to the common interest privilege. *See Armijo v. Yakima HMA, LLC*, 868 F. Supp. 2d 1129, 1139 (E.D. Wash. 2012); *Green v. Seattle Art Museum*, 2007 WL 1893330, slip op. at 3 (W.D. Wash. 2007); (*see generally* Dkt. No. 34).[1] Moreover, Plaintiff does not allege damages. (*See generally* Dkt. No. 5.) Nor would the Court expect he plausibly could, at least regarding statements involving the ESD, since Plaintiff received the unemployment compensation he sought. (*See* Dkt. No. 36-1 at 2 (letter from ESD regarding Plaintiff's unemployment benefits).)

For the reasons described above, the Court concludes that Plaintiff fails to state a claim against the moving Defendants. Given the undisputed nature of the statements at issue, the Court further concludes that amendment would be futile and claims against the moving Defendants should be dismissed with prejudice. *See Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004).

### C. Failure to Prosecute

In addition to the moving Defendants, Plaintiff also named Sheldon Yellen, Christine Draper, Theodore Sitterley, Teresa Franz, Curt Daviscourt, Derek Morgan, and the EEOC as defendants in this action. (*See* Dkt. No. 5 at 11–13.) But Plaintiff has not provided the Court with an affidavit of service within the required 90-day time period. *See* Fed. R. Civ. P. 4(l), (m). Nor does Plaintiff's response to the Court's order to show cause why the case against these parties should not be dismissed for failure to prosecute suggest that an extension of this period is

---

[1] Moreover, Plaintiff does not address Belfor's argument that internal statements made between its employees regarding Plaintiff's job performance are not actionable. (*See* Dkt. No. 25 at 9–10 (citing *Armijo v. Yakima HMA, LLC*, 868 F. Supp. 2d 1129, 1139 (E.D. Wash. 2012); *Green v. Seattle Art Museum*, 2007 WL 1893330, slip op. at 3 (W.D. Wash. 2007)).) Plaintiff has, therefore, abandoned defamation and false light claims based on these statements. *See Ramirez v. City of Buena Park*, 560 F.3d 1012, 1026 (9th Cir. 2009).

required. (*See* Dkt. Nos. 50, 53, 57.)

**III. CONCLUSION**

For the reasons described above, Defendants' motions to dismiss and for summary judgment (Dkt. Nos. 25, 27, 32, 37, 42, 46) are GRANTED and Plaintiff's motion for default (Dkt. No. 53) is DENIED. Plaintiff's claims against the following Defendants are DISMISSED with prejudice: Belfor, ESD, ADP, Blackstone, Servpro, and Trades Labor. Plaintiff's claims against the following Defendants, who have not been properly served, are DISMISSED without prejudice for failure to prosecute: Sheldon Yellen, Christine Draper, Theodore Sitterley, Teresa Franz, Curt Daviscourt, Derek Morgan, and the EEOC.

The Clerk is DIRECTED to close this case.

DATED this 25th day of June 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE